UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DAMCO USA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 8:21-cv-1881 |
| | ) |
| MICHAEL BORZA | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

1. Plaintiff, Damco USA, Inc. ("Damco") hereby alleges against Defendant Michael Borza ("Borza"), as follows:

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction under 28 U.S.C. § 1332 in that the parties to this action are diverse and the amount in controversy exceeds $75,000.00. The Court also has jurisdiction over claims pendant and ancillary to the same.

3. Damco is a Delaware corporation with its principal place of business in New Jersey. Borza is a citizen and resident of Florida.

4. The terms and conditions incorporated into the contract between the parties provide that any claim against a party may be brought in any court of competent jurisdiction. Venue in this case is proper since a substantial part of the

1

events or omissions giving rise to the claim asserted herein occurred within the territorial limits of the United States District Court for the Middle District of Florida, namely Sarasota County, Florida. Borza is a resident of North Port, Florida.

5. The contracts which are the subject of this action were breached by Defendant within the territorial limits of the United States District Court for the Middle District of Florida, namely Sarasota County, Florida, by failing to pay Plaintiff.

## THE PARTIES

6. Damco is licensed as an ocean transportation intermediary ("OTI") by the Federal Maritime Commission and is authorized to operate as an ocean transportation intermediary in the foreign commerce of the United States. In addition, it also operates as an unregulated third-party logistics provider.

7. JMCB Sales, LLC ("JMCB") is a Florida limited liability with its principal place of business in Nokomis, Florida. Damco, upon information and belief, understands JMCB's sole office is located in Nokomis, Florida.

8. Borza is an individual that upon information and belief is the sole member and manager of JMCB and is domiciled in North Port, Florida. There is a unity and identity of interest between Borza and JMCB.

9. Upon information and belief: JMCB is a mere instrumentality and alter-ego of Borza; Borza and JMCB may have comingled funds or diverted assets between or among Borza and JMCB and treated company assets as their own; Borza operated JMCB as an undercapitalized entity for the purposes of avoiding liability to creditors; adhering to the fiction of separateness between the individual Defendant and by and between JMCB and Borza would sanction fraud and/or promote injustice. As such Damco alleges Borza should be found to be the alter ego of JMCB and should be responsible for all claims herein.

## GENERAL ALLEGATIONS

10. On or about November 20, 2020, Damco and JMCB entered into a contract in which Damco agreed to provide or arrange for the consolidation and deconsolidation, inland drayage to and from the ports of loading and unloading and ocean transportation of cargo tendered by JMCB (the "Contract"). A true and correct copy of the Contract is attached hereto as Exhibit A. The contract also incorporated by reference standard terms and conditions, which are attached as Exhibit B.

11. Pursuant to the Contract, cargo was to be tendered to Damco in China, loaded into forty-foot equivalent ocean-going containers, and ultimately delivered to third parties in the United States.

12. JMCB agreed to compensate Damco $13,000.00 per forty-foot equivalent container processed by Damco.

13. In late 2020 and early 2021, Damco at the request of JMCB processed 204 containers of cargo that were ultimately transported by water to the United States from China.

14. On January 18, 2021, Damco invoiced JMCB $2,652,000.00 for the services provided. A copy of the invoice is attached as Exhibit C.

15. Notwithstanding the process and delivery of the 204 containers of cargo, JMCB has failed to remit payment to Damco. As an alter ego of JMCB, Borza is responsible for all amounts owed by JMCB for damages suffered by Damco per the counts as prayed for below.

16. All conditions precedent to the bringing of this action, if any, have been performed and satisfied.

## COUNT ONE

## BREACH OF WRITTEN CONTRACT(S)

17. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff Damco performed its contractual obligations to Defendant as well as all conditions precedent to bringing this suit.

19. Defendant materially breached its contractual obligations to Plaintiff by, *inter alia*, failing to pay for services rendered.

20. Damco has suffered damages in the amount of $2,652,000.00 no part of which has been paid by Defendant.

21. The corporate veil of JMCB must be pierced in order to give full relief to Damco due to the undercapitalization of JMCB.

22. Damco is also entitled to recovery of attorney's fees pursuant to contract, costs, and pre-judgment interest.

## COUNT TWO

## QUANTUM MERUIT

23. Alternatively, should this court find no contract exists for any relief prayed for by Plaintiff, Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 16 and 21 as if fully set forth herein.

24. Defendant conferred a benefit on Plaintiff for goods, wares and services provided by Plaintiff to Defendant at the request of Defendant, as evidenced by, *inter alia*, the Contract and invoice and course and dealing between the parties for which Defendant accepted the benefit and agreed to pay Plaintiff.

25. Despite due demand, the minimum amount of $2,652,000.00 (and such other amounts according to proof) is now due, owing, and unpaid for said goods, wares, and services for the reasonable value of the services provided by Plaintiff to Defendant at Defendant's request; it would be inequitable for the Defendant to retain the benefits conferred without paying for them.

26. Damco is also entitled to recovery of costs and pre-judgment interest.

## COUNT THREE

## UNJUST ENRICHMENT

27. Alternatively, should this court find no contract exists for any relief prayed for by Plaintiff, Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 16 and 21 as if fully set forth herein.

28. From 2020 to 2021 Damco has conferred a benefit directly on Defendant who had knowledge thereof, by Damco providing or arranging for logistics and marine transportation services to Defendant at the request of Defendant.

29. Defendant requested and voluntarily accepted and retained the services conferred by Damco and also at Defendant's request, Damco advanced funds on behalf of Defendant for logistics and transportation services by third parties.

30. The circumstances are such that it would be inequitable for Defendant to retain the services and the benefit of any advance without paying the value thereof to Damco.

31. Defendant have been unjustly enriched at the expense of Damco by accepting the services and advances on their behalf without providing compensation.

32. Damco is entitled to damages in the minimum amount of $2,652,000.00 as a result of the unjust enrichment of Defendant, being the reasonable value of the services and costs of advances provided to and for, and as agreed upon by Defendant.

33. Plaintiff has no adequate remedy at law.

34. Damco is also entitled to recovery of costs and pre-judgment interest.

## COUNT FOUR

## OPEN BOOK ACCOUNT

35. Plaintiff refers to paragraphs 1 through 16 and 21 of this complaint and incorporates them herein by this reference.

36. Within the last four (4) years, Defendant became indebted to Plaintiff on an open book account, in the amounts as reflected in Exhibit C which Defendant agreed to pay.

37. Despite due demand, the sum of $2,652,000.00 is now due, owing, and unpaid on said open book account.

38. Damco is also entitled to recovery of costs and pre-judgment interest.

## COUNT FIVE

## ACCOUNT STATED

39. Plaintiff refers to paragraphs 1 through 16 and 21 of this complaint and incorporates them herein by this reference.

40. Within the last four (4) years, an account was stated in writing by and between Plaintiff and Defendant wherein it was agreed that Defendant were indebted to Plaintiff as reflected in Exhibit C.

41. Despite due demand, the sum of $2,652,000.00 is now due, owing, and unpaid on said account stated.

42. Damco is also entitled to recovery of costs and pre-judgment interest.

WHEREFORE, plaintiff prays for judgment against Defendant as follows:

1. For judgment in the principal amount of $2,652,000.00 or the reasonable value of services plus advancements provided by Damco to and for Defendant in the minimum amount of $2,652,000.00 as the case may be;

2. For the costs of collection, according to proof;

3. For costs of suit incurred herein, according to proof;

4. For pre-judgment and post-judgment interest;

5. For reasonable attorneys' fees pursuant to contract; and

6. For such other and further relief as the Court deems just and proper.

Dated this <u>6th</u> day of August, 2021.

              Respectfully submitted,

              <u>s/Bridgette M. Blitch</u>
              BRIDGETTE M. BLITCH, ESQUIRE
              Florida Bar No.: 064969
              BLITCH WESTLEY BARRETTE, S.C.
              9100 Conroy Windermere Road, Suite 200
              Windermere, Florida 34786
              Telephone: (407) 574-2835
              Facsimile: (608) 829-2982
              Primary: bblitch@bwesq.com
              Secondary: mmock@bwesq.com
              Tertiary: jsybert@bwesq.com
              Attorneys for Plaintiff